**Opinion filed January 10, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-18-00354-CR

_____

## BRADY AARON WYATT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 20738B**

## M E M O R A N D U M   O P I N I O N

Brady Aaron Wyatt, Appellant, has filed an untimely pro se notice of appeal from a conviction for the offense of aggravated sexual assault of a child. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on January 11, 2018, and that his notice of appeal was filed in the district clerk's office on December 17, 2018. When the appeal was filed in this court, we

notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We also noted that the trial court had certified that this was a plea-bargain case in which Appellant had no right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response in which he presents numerous substantive issues related to the merits of his case, but he has not shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 340 days after sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, the appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); s*ee Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

January 10, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.